UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



| | |
|---|---|
| WILLIAM J. FEDERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:02-CV-738 CEJ |
| ) | |
| RICHARD GEPHARDT, JOYCE ) | |
| ABOUSSIE, JAMES A. LARREW ) | |
| and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss. See Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Plaintiff has responded to defendants' motion, and the issues are fully briefed.

Plaintiff, William Federer, brings this action against defendants Richard Gephardt, Joyce Aboussie and James Larrew, alleging that they conspired to deprive him of his right to campaign for federal office. Plaintiff invokes the Court's federal question jurisdiction, specifically claiming that defendants violated 42 U.S.C. § 1985(3). Plaintiff also asserts state law claims of assault, abuse of process, prima facie tort, trespass and civil conspiracy.

**I. Background**

Plaintiff was the Republican candidate opposing Gephardt, the Democratic candidate, in the 2000 U.S. congressional election. Plaintiff alleges that between May 2000 and September 2000, while he was campaigning against Gephardt, his campaign headquarters were broken into on two separate occasions by the John Doe defendants.



Plaintiff alleges that his personal residence, his family's real estate office and his brother's law office were also broken into by the John Doe defendants. Plaintiff asserts that these defendants were acting at the direction of Gephardt and/or Aboussie in an effort to interfere with plaintiff's campaign for election.

On Saturday, October 7, 2000, plaintiff was campaigning for election by participating in the South County Days Parade in St. Louis, Missouri. Plaintiff alleges that defendant Gephardt hired Larrew to follow plaintiff during the parade and to video record plaintiff's movements. Plaintiff alleges that while defendant Larrew was videotaping, he provoked a physical altercation with plaintiff. Plaintiff asserts that the physical altercation occurred when Larrew lunged toward plaintiff and came within inches of striking his face and his shoulder. Plaintiff alleges that when he continued to walk along the parade route, defendant Larrew began shouting that plaintiff had attacked him. Plaintiff asserts that Larrew then hailed a nearby police officer, and he subsequently filed a police report falsely alleging that plaintiff had assaulted him.

Plaintiff alleges that after filing the police report, Larrew spoke with members of the local news media, whom plaintiff believes were told by Aboussie to contact Larrew about the incident. Plaintiff alleges that Aboussie contacted St. Louis County Counselor Patricia Reddington, immediately following the incident in order to ensure that a complaint against plaintiff would be filed, and that Ms. Reddington filed a charge against plaintiff for

assault on Monday, October 9, 2000, despite the fact that the St. Louis County Counselor's office was closed for the Columbus Day holiday. Plaintiff alleges that Aboussie encouraged Ms. Reddington to file the charge and then reported it to the news media. Plaintiff alleges that as a result of the media coverage his congressional campaign was irreparably harmed and his reputation was damaged.

Defendants argue in their motion that Count I of the complaint, in which plaintiff asserts a claim under 42 U.S.C. § 1985(3), fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Because this is the only federal claim asserted, plaintiffs argue that the entire complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

**II.  Legal Standards**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

-3-

>  [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside of the pleadings, and no presumption of truthfulness attaches to the plaintiff's allegations. See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. at 729. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and

-4-

satisfy itself as to the existence of its power to hear the case." Id.  Moreover, the plaintiff has the burden of proof that jurisdiction does in fact exist.  Id.

### III. Discussion

Section 1985 of Title 42, United States Code, prohibits conspiracies to deprive a U.S. citizen of his constitutional rights based on invidious class-based discrimination.  See 42 U.S.C. § 1985.  The pertinent provisions of § 1985(3) state:

> If two or more persons . . . conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . [or] cause to be done, any act in furtherance of the object of such conspiracy . . . the party so injured or deprived may have an action for the recovery of damages . . .

To state a claim under § 1985(3) for a private conspiracy, a plaintiff must allege:  (1) that there was a conspiracy; (2) that the conspiracy was motivated by some racial or otherwise class-based discriminatory animus; (3) that the conspiracy was intended to deprive any person or class of persons of equal protection or equal privileges and immunities; (3) that there was an act in furtherance of the conspiracy; and (4) that an injury or deprivation resulted therefrom. Griffin v. Breckenridge, 403 U.S. 88 (1971).  While § 1985(3) provides a remedy for purely private conspiracies involving no state action, it does so only when the rights aimed at by the conspiracy are protected against private encroachment. United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983).  Only two rights have been recognized by the Supreme Court as protected against private conspirators under § 1985(3):

the right to be free from involuntary servitude and the right to interstate travel. <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 278 (1993).

Defendants argue that plaintiff has failed to state a claim under § 1985(3) because he has not alleged that he was a member of a protected class, and he has not alleged the requisite state action. Before delving into defendants' arguments, the Court will first discern what rights plaintiff believes have been violated.

Plaintiff has alleged that defendants interfered with his right to pursue his candidacy in a federal election. Plaintiff does not seem to be asserting that defendants have interfered with his right to vote, and the Court is mindful that a private conspiracy to interfere with an election is not actionable, <u>per se</u>, under § 1985(3) unless it is directed toward interference with the right to cast a ballot. See <u>Means v. Wilson</u>, 522 F.2d 833, 838 (8th Cir. 1975); <u>see also</u> <u>California Republican Party v. Mercier</u>, 652 F.Supp. 928, 936 (C.D. Cal. 1986) (dismissing § 1985(3) action based upon claims of deceptive and unfair campaigning because such allegations fail to amount to an interference with the right to vote). Instead, it appears plaintiff is asserting that the substantive right conspired against was the First Amendment right of freedom of association. See <u>Gill v. Farm Bureau Life Insurance Company</u>, 715 F.Supp. 945 (E.D. Mo. 1989). Thus, it is within the constitutional framework of a deprivation of rights under the First Amendment that the Court will address plaintiff's claims.

-6-

It is well-settled that § 1985(3) itself provides no substantive rights. The rights, privileges and immunities that § 1985(3) vindicates must be found elsewhere. Id. In Carpenters, the substantive right involved was the First Amendment right of freedom of association. 463 U.S. at 828. The Court held, however, that an alleged conspiracy to infringe First Amendment rights is not actionable under § 1985(3) unless it can be proved that the state is involved with the conspiracy or that the aim of the conspiracy was to influence the activity of the state. Id. at 830. However, as noted above, the Supreme Court recently clarified that the statute does not apply to private conspiracies that are simply "aimed at a right that is by definition a right only against state interference," but applies only to such conspiracies as are "aimed at interfering with rights . . . protected against private, as well as official, encroachment." Bray, 506 U.S. at 282-283. Thus, if a plaintiff asserts a claim under § 1985(3) for a violation of his First Amendment rights, it is no longer enough for him to claim that the private conspiracy merely influenced an activity of the state. See Tilton v. Richardson, 6 F.3d 683, 687 (10th Cir. 1993) cert. denied 510 U.S. 1093 (1994). Instead, a plaintiff must show that a violation of his rights occurred by or through a state actor.

Defendant asserts that plaintiff has not alleged the requisite state action, but has instead alleged a purely private conspiracy. Plaintiff, citing language from Carpenters, responds that he is not required to plead state action in order to state a claim under §

1985(3), but instead, that he must only plead that the conspiracy influenced an activity of the state. In light of the Bray decision, which clarified that the statute does not apply to private conspiracies that are simply "aimed at a right that is by definition a right only against state interference," but applies only to such conspiracies as are "aimed at interfering with rights . . . protected against private, as well as official, encroachment," plaintiff is incorrect. Bray, 506 U.S. at 282-283; see also Tilton, 6 F.3d at 687. Alternatively, plaintiff argues that his allegation that Aboussie contacted County Counselor Reddington, with whom she had "close political ties," to ensure that charges would be filed in time to exploit the incident to the local news sufficiently establish the requisite state action. The Court disagrees. Plaintiff has not asserted his conspiracy claim against Ms. Reddington; and, while plaintiff disputes the assault charge, he does not allege that Ms. Reddington did anything illegal or unethical by filing the charge, albeit on a holiday. The Court concludes that plaintiff's complaint fails to allege state action required to state a claim under § 1985(3).

Defendants next argue that the complaint is deficient because plaintiff has not alleged that he is a member of a protected class. Plaintiff argues that he has sufficiently pleaded that defendants' conspiracy to deprive him of his rights was based on his political party membership and/or affiliation. Plaintiff cites the Eighth Circuit case of Means v. Wilson, as support for his contention that political party membership is a recognized class under § 1985(3).

-8-

522 F.2d 833 (8th Cir. 1975). Although plaintiff is correct in his assertion that <u>Means</u> recognized political party affiliation as a class under § 1985(3), plaintiff overlooks the fact that <u>Means</u> was decided in 1979, eight years before the Supreme Court opinion in <u>United Brotherhood of Carpenters v. Scott</u>, 463 U.S. 825 (1983). In <u>Carpenters</u>, the Supreme Court specifically left open the question of whether politically motivated discrimination could ever state a cause of action under § 1985(3). <u>Id</u>. at 835-837. However, the Supreme Court did provide some guidance to courts when considering political animus cases:

> Although we have examined with some care the legislative history that has been marshaled in support of the position that Congress meant to forbid wholly nonracial by politically motivated conspiracies, we find difficult the question whether § 1985(3) provided a remedy for every concerted effort by one political group to nullify the influence of or do other injury to a competing group by use of otherwise unlawful means. To accede to that view would go far toward making the federal courts, by virtue of § 1985(3), the monitors of campaign tactics in both state and federal elections, a role the courts should not be quick to assume. <u>Id</u>. at 836.

Following <u>Carpenters</u>, a number of courts have explicitly rejected the contention that political-based class animus can support a § 1985(3) claim. <u>See</u>, <u>e.g.</u>, <u>Grimes v. Smith</u>, 776 F.2d 1359 (7th Cir. 1985); <u>Harrison v. KVAT Food Mgt., Inc.</u>, 766 F.2d 155, 161 (4th Cir. 1985); <u>Morales-Narvaez v. Rossello</u>, 852 F.Supp. 104, 114-115 (D. P.R. 1994). However, as plaintiff correctly points out, at least one circuit since the <u>Carpenters</u> decision has recognized political affiliation as a class under § 1985(3). <u>See</u> <u>Conklin v. Lovely</u>, 834 F.2d 543 (6th Cir. 1987). Nevertheless, the Court is

persuaded by the reasoning of the courts that have rejected the contention that political-based class animus is actionable under § 1985(3), and thus finds that plaintiff has failed to plead he is a member of a protected class under § 1985(3). The dictum in <u>Carpenters</u> cannot simply be ignored; <u>Carpenters</u> indicates that, when squarely confronted with the question, the Supreme Court would not include political conspiracies within the scope of § 1985(3).

Further, the instant facts persuade the Court that this is not the type of case that should fall within the classes recognized under § 1985(3). This case involves allegedly deceptive campaign tactics. Plaintiff has not claimed that he or any other member of the Republican party was denied the right to vote. Instead, plaintiff has merely claimed that he received unflattering media attention as a result of the charges of assault filed against him. Thus, the allegations of deceptive and unfair campaigning in this case are similar to the claim of disruptive heckling which <u>Carpenters</u> indicated should not be actionable in federal court under § 1985(3). Furthermore, the Court is not convinced that in this case, plaintiff has adequately alleged he was discriminated against on the basis of his membership in a class. As defendants state, "the gravaman of the complaint appears to be that defendants disliked plaintiff because he was Congressman Gephardt's political opponent." Plaintiff has made no allegation that the entire Republican party was conspired against or that he was conspired against simply because he was a Republican. Instead, plaintiff's conspiracy claim is personal in nature. As the Eighth Circuit

noted in <u>Shortbull v. Looking Elk</u>, "the term class-based animus does not include personal animus." 677 F.2d 645, 649 (8th Cir. 1982).

Because plaintiff has failed to allege the requisite state action needed to support his claim under § 1985(3), and because plaintiff has not adequately pleaded that he was a member of a protected class under § 1985(3), plaintiff's claim under 42 U.S.C. § 1985(3) must be dismissed for failure to state a claim. Pursuant to 28 U.S.C. § 1367(c), the Court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#13] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2002.

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 10/28/02 by lwilderm
                4:02cv738    Federer vs Gephardt

42:1983 Civil Rights Act

| | |
|---|---|
| Edward Dowd -    8341 | Fax: 314-259-2020 |
| Michael Franklin -  102465 | Fax: 314-259-2020 |
| Rebecca Jackson -   3468 | Fax: 314-259-2020 |
| George Luberda -    3711 | Fax: 314-721-4113 |
| Darci Madden -     95927 | Fax: 314-259-2020 |

SCANNED & FAXED BY:
OCT 2 8 2002
SAJ